## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**SYRENAS STEWART**
    **Petitioner**

    v.                                  **Case No. 16-C-206**
                                               **(Criminal Case No. 02-CR-205)**

**UNITED STATES OF AMERICA**
    **Respondent.**

## DECISION AND ORDER

Petitioner Syrenas Stewart moves to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that he no longer qualifies for an enhanced term under the Armed Career Criminal Act, ("ACCA"), 18 U.S.C. § 924(e). His motion turns on whether simple robbery under Wis. Stat. § 943.32 still qualifies as a "violent felony" after the Supreme Court's decision Samuel Johnson v. United States, 135 S. Ct. 2551 (2015). In Robinson v. United States, No. 16-C-156 (E.D. Wis. May 24, 2016), I determined that it does not. I will accordingly grant petitioner's motion.[1]

## I. BACKGROUND

On January 21, 2003, petitioner pleaded guilty to possession of a firearm as a felon, 18 U.S.C. § 922(g)(1), and possession of crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and on April 18, 2003, I sentenced him to 188 months in prison each count running concurrently. In imposing sentence on the firearm count, I determined that petitioner qualified

---

[1] Represented by the same lawyers, the parties' briefs in this case are essentially the same as in Robinson. Accordingly, this decision largely tracks the opinion in Robinson.

for an enhanced term based (in part) on his three prior convictions of simple robbery.[2] Under the ACCA, a felon with three prior convictions for either a "violent felony" or a "serious drug offense" faces a sentence of 15 years to life in prison, 18 U.S.C. § 924(e)(1); otherwise, the maximum penalty for unlawful firearm possession is 10 years, 18 U.S.C. § 924(a)(2).

In the instant § 2255 motion, petitioner argues that simple robbery under Wis. Stat. § 943.32 no longer qualifies as a "violent felony," defined as any crime punishable by imprisonment for a term exceeding one year that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another (the "force clause" or the "elements clause"); (2) is burglary, arson, or extortion, or involves use of explosives (the "enumerated offenses clause"); or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). In determining whether an offense qualifies as an ACCA predicate, the court applies a categorical approach, focusing on the elements of the statute of conviction rather than the actual conduct of the particular offender. E.g., United States v. Ker Vang, 799 F.3d 750, 752 (7th Cir. 2015).

Robbery is not an enumerated offense, and in Samuel Johnson, 135 S. Ct. at 2557, the Supreme Court struck down the residual clause as unconstitutionally vague. Samuel Johnson applies retroactively to cases on collateral review. Welch v. United States, No. 15-6418, 2016 U.S. LEXIS 2451 (U.S. Apr. 18, 2016); Price v. United States, 795 F.3d 731 (7th Cir. 2015). Accordingly, unless Wisconsin robbery qualifies under the force clause it cannot serve as an ACCA predicate.

---

[2]Petitioner also has a prior conviction for armed robbery, which he does not address in his motion. However, the parties agree that without the three prior simple robbery convictions petitioner lacks the necessary number of predicates under the ACCA.

2

> Wis. Stat. § 943.32(1) provides:
>
> Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means is guilty of a . . . felony:
>
> (a) By using force against the person of the owner with intent thereby to overcome his or her physical resistance or physical power of resistance to the taking or carrying away of the property; or
>
> (b) By threatening the imminent use of force against the person of the owner or of another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.

Petitioner concedes that the statute appears to fit within the force clause. Indeed, in United States v. Otero, 495 F.3d 393, 401 (7th Cir. 2007), the court, quoting the statutory text, concluded that this offense qualifies as a crime of violence under the identically worded career offender guideline, U.S.S.G. § 4B1.2(a), as it "has as a necessary element the use of force against a victim."

However, in Curtis Johnson v. United States, 559 U.S. 133 (2010), the Supreme Court clarified that, in the context of the ACCA's "violent felony" provision, "the phrase 'physical force' means violent force – that is, force capable of causing physical pain or injury to another person." Id. at 140. On this understanding, the Court held that battery under Florida law, which is satisfied by any intentional physical contact, no matter how slight, id. at 138, does not qualify as a violent felony.

Petitioner contends that, given the Wisconsin supreme court's construction of the force requirement in the robbery statute, the result should be the same here. See Walton v. State, 64 Wis. 2d 36, 43 (1974) (holding that "force is not to be confounded with violence," and that "the degree of force used is immaterial"). Petitioner notes that Wisconsin's expansive definition of force varies from the rule in most jurisdictions, under which purse snatching and other grab-

3

and-run thefts would be prosecuted under larceny laws, not as robberies. See Wayne LaFave, Substantive Criminal Law § 20.3(d)(1) (2015). This is significant, petitioner contends, because courts have found such street thefts to be crimes of violence under the now-defunct residual clause, not the force clause. E.g., United States v. Hollins, 514 Fed. Appx. 264, 267-68 (3d Cir. 2013); see also United States v. Howze, 343 F.3d 919, 923-24 (7th Cir. 2003) (collecting cases). He concludes that, with the residual clause gone, robbery statutes like Wisconsin's, which are satisfied by any force, however slight, no longer qualify as violent felonies. He accordingly asks the court to vacate his sentence.[3]

## II. DISCUSSION

The government does not assert procedural default or timeliness as bars to the court's consideration of petitioner's motion. Rather, the government defends the sentence on the merits, arguing that the Wisconsin crime of simple robbery remains a violent felony under the force clause.

As the government notes, the Seventh Circuit held that Wisconsin robbery satisfied the force clause both before and after Curtis Johnson. See Otero, 495 F.3d at 401; United States v. Beason, 493 Fed. Appx. 747, 749 (7th Cir. 2012). These cases cannot end the inquiry, however. As indicated above, Otero addressed not the ACCA but the career offender guideline. While the Seventh Circuit ordinarily considers its case-law interpreting these two provisions to be interchangeable, e.g., United States v. Hampton, 675 F.3d 720, 730 n.2 (7th

---

[3]Absent the ACCA designation, petitioner's sentence on the felon in possession count is "in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Although petitioner's argument pertains solely to this count, when the sentence on one count is vacated under § 2255 the entire sentencing package is unbundled, and the court will ordinarily re-sentence the defendant on all counts. See United States v. Binford, 108 F.3d 723, 728-30 (7th Cir. 1997).

4

Cir. 2012), the Otero court further relied on the fact that robbery is specifically enumerated as a crime of violence in the career offender guideline's application notes, 495 F.3d at 401 (citing U.S.S.G. § 4B1.2 cmt. n.1), which the Seventh Circuit treats as authoritative. See United States v. Raupp, 677 F.3d 756, 758-59 (7th Cir. 2012). Robbery is not an enumerated offense under the ACCA. Beason was an ACCA case, but the decision is unpublished and responsive to an Anders brief from the defendant's appellate counsel. And neither Beason nor Otero analyzed whether Wis. Stat. § 943.32 as construed by the Wisconsin supreme court qualifies under the ACCA's force clause as construed by the U.S. Supreme Court in Curtis Johnson.[4]

## A.  Construction of Wisconsin's Robbery Statute

As the Court explained in Curtis Johnson, while the meaning of the term "physical force" is a question of federal law, in deciding whether a particular state offense requires the requisite use of force federal courts are bound by the state judiciary's construction of state statutes. 559 U.S. at 138. I therefore turn to the Wisconsin supreme court's construction of § 943.32.

---

[4]The government cites other cases in which the Seventh Circuit found robbery to be a violent crime, see, e.g., United States v. Nigg, 667 F.3d 929, 937 (7th Cir. 2012) (considering Arizona law); United States v. Lewis, 405 F.3d 511, 514 (7th Cir. 2005) (Indiana law), but because the requirements of each state's robbery statute may vary these cases are of limited value. Yesterday, the Seventh Circuit held that simple robbery under Minnesota law is a crime of violence under the guidelines' force clause, U.S.S.G. § 4B1.2(a)(1). United States v. Maxwell, No. 15-2799, slip op. at 4-9 (7th Cir. May 24, 2016). Importantly for this case, the Seventh Circuit noted that under Minnesota law fifth degree assault, defined as either committing an act with intent to cause fear in another of immediate bodily harm or death, or intentionally inflicting or attempting to inflict bodily harm upon another, is a lesser-included offense of simple robbery. Id. at 7 (citing State v. Stanifer, 382 N.W.2d 213, 220 (Minn. Ct. App. 1986)). "As a result, although the Sentencing Guidelines state 'physical force' while the Minnesota statute only uses the word 'force,' both convey force capable of causing physical pain or injury." Id. at 8. The court accordingly rejected Maxwell's argument that the Minnesota robbery statute is broader than § 4B1.2(a)(1). Id. at 8. As discussed later in this decision, under Wisconsin law, robbery and battery are not the same offense for double jeopardy purposes because a robbery victim need not suffer bodily harm. See n.5, infra.

5

The state supreme court first addressed the force issue in Walton, 64 Wis. 2d 36 (1974). In that case, the defendant followed a 64-year-old woman who was carrying a bank pouch, approached her and snatched the pouch out of her arms, without touching her or saying anything, then fled down the street. Id. at 38. Convicted of robbery at trial, on appeal the defendant challenged the sufficiency of the evidence of the use of force and the trial court's refusal to instruct the jury on the lesser included offense of theft from a person. Id. at 39.

The Walton court began its analysis with State v. Lewis, 113 Wis. 391 (1902), which involved a predecessor robbery statute providing that: "Any person who shall assault another with intent to commit any burglary, robbery, rape or mayhem, . . . shall be punished by imprisonment." 64 Wis. 2d at 40. In Lewis, the trial court held that larceny from the person did not fall within that statute, but the Wisconsin supreme court reversed, stating:

> The trial court seems to have confounded force with violence. Force, in legal contemplation, does not always mean physical violence. Thus, in prosecutions for assault and battery, any touching of the person or clothing of another in anger, or even spitting upon another, constitutes a battery. In legal contemplation such touching for a hostile or wrongful purpose is the application of force. . . . The law can draw no line between the different degrees of force. . . . Larceny from the person can only be accomplished by the use of some degree of force within the definition of force above given. There may be no actual violence; certainly none is generally intended. But there will necessarily be some slight touching of the clothing, person, or belongings attached to the person of another, which, though intended to be so slight that it will be unnoticed, is nevertheless a hostile and wrongful touch, and amounts to legal force.

Id. at 41 (quoting Lewis, 113 Wis. at 393). After Lewis, the Wisconsin legislature created two new statutes, one covering theft from a person, which does not require force, Wis. Stat. § 943.20, and the robbery statute, Wis. Stat. § 943.32, which does. Id.

In Walton, the defendant argued that the evidence showed theft from a person, rather than robbery. The court stated:

6

> We are not persuaded by this argument. The victim was clutching the pouch between her arms and her stomach. It is undisputed that it was taken from her by force and in such a manner as to overcome any physical resistance or power of resistance by the victim. These facts do not constitute a theft from a person . . . within the contemplation of sec. 943.20.

Id. at 42. The court also rejected the defendant's argument that he should have received an instruction on the lesser-included offense of theft from a person. Id.

> As stated in State v. Lewis, supra, force is not to be confounded with violence. In the instant case, the testimony of the victim, corroborated by two witnesses, reflects that the pouch was forcibly taken from her. There is no dispute in the evidence concerning this element of the crime.
>
> Although actual force, as distinguished from constructive force, implies personal violence, the degree of force used is immaterial, so long as it is sufficient to compel the victim to part with his property. Any struggle to obtain the property, any injury to the victim, or any resistance on his part that requires greater counterattack to effect the taking, is ordinarily regarded as sufficient to satisfy the requirement. The same is true if the force used, although insufficient actually to frighten the victim, surprises him into yielding. . . .
>
> Our attention has been directed to what might be described as conflicting authority of various jurisdictions in considering crimes relating to "purse snatching." We do not deem it appropriate to make a general statement relating to all circumstances in all "purse snatching" situations.
>
> In the instant case, the degree of force used by the defendant is immaterial. The victim was aware of the defendant following her for some distance, she was fearful and apprehensive, she sought safety in front of a restaurant in the presence of two male customers. When confronted by the defendant, a twenty-six-year-old male, this sixty-four-year-old bookkeeper had reason to fear for her safety. The amount of resistance she was capable of asserting was not substantial in contrast to that of the defendant. The victim is not required to engage in an altercation with the assailant and subject herself to physical violence and possible injury before a defendant can be found to have committed the crime of robbery.
>
> Under any reasonable view of the evidence, force was used against the victim with intent to overcome her physical resistance. The trial court did not err in refusing to submit a verdict for the lesser included offense.

Id. at 43-44 (internal citations, quote marks, and footnote omitted).

7

The Wisconsin supreme court again considered the force issue in Whitaker v. State, 83 Wis. 2d 368, 369 (1978), another purse snatching case in which the defendant, convicted of robbery, challenged the trial judge's refusal to instruct on the lesser-included offense of theft from a person and the sufficiency of the evidence of use of force. In rejecting these arguments, the court stated: "Evidence of physical violence is not required to establish a forcible taking." Id. at 376 (citing Walton, 64 Wis. 2d at 41). The court found the evidence of force in that case greater than the force used in Walton:

> Madge Kelley, the victim, was seventy-two years old on the date of the crime. She testified that as she walked along the street she noticed a car drive slowly past her. As she reached the intersection and started across the crosswalk, a young man came running toward her, "running full force." She testified that "he took my purse and swung me around with a great force and I fell down." Ms. Kelley testified that she was shaken up, but not injured. However, injury to the victim is not necessary to establish that force was used in the taking of the property.

Id. Since there was no evidence contradicting the victim's account, the court found that there was no basis upon which a jury could reasonably conclude that the purse was taken without the use of force. Accordingly, the trial court did not err in refusing to instruct the jury on the lesser-included charge. Id. at 377. The court also rejected the defendant's challenge to the force evidence, finding the victim's testimony "sufficient to prove beyond a reasonable doubt that force was used in the taking of the purse." Id.

In two unpublished decisions, the Wisconsin court of appeals followed Walton in upholding robbery convictions in less aggravated property snatching cases. In In the Matter of A.B., No. 79-788, 1980 Wisc. App. LEXIS 3551, at *1 (Wis. Ct. App. Apr. 24, 1980), three juveniles approached a 70-year-old woman carrying groceries in one arm with her purse "firmly clasped under her other arm." One of the boys pulled the purse from the victim's arm and

8

handed it to the appellant, and the boys fled.  Id. at *1-2.  Citing Whitaker, the court rejected the appellant's sufficiency challenge, stating: "The amount of force is immaterial.  All that is required is that some force, however minimal, be applied to the person to remove the object."  Id. at *3.

> In the instant case, the victim carried her purse firmly clasped under her arm. Common sense dictates that the purse could not have been removed from this position without the application of some force, regardless of how minimal.  We, therefore, find that the jury could reasonably conclude that the purse was taken forcibly, and that the force was sufficient to overcome any resistance which may have been offered by the victim.

Id. at *4.

And in State v. (Vladimir) Walton, No. 82-1546-CR, 1983 Wisc. App. LEXIS 3811 (Wis. Ct. App. Aug. 22, 1983), the defendant ran up on the victim, who was carrying a bank bag, grabbed the bag and ran.  The victim screamed and pursued the man for a short distance.  Id. at *1.  The court rejected the defendant's challenge to the sufficiency of the evidence of use of force, finding the case indistinguishable from Walton, 64 Wis. 2d 36.  Id. at *5.  The court found any minor factual differences irrelevant, as "the law does not differentiate between the degrees of force."  Id. at *6.[5]

**B.     Analysis of § 943.32 Under Curtis Johnson**

As summarized above, in Curtis Johnson the Court considered a Florida battery statute which covered, inter alia, actually and intentionally touching the victim, 559 U.S. at 136-37, interpreted by the Florida supreme court as covering any intentional physical contact, no matter

---

[5] In State v. Haskins, No. 85-759-CR, 1985 Wisc. App. LEXIS 3858, at *9 (Wis. Ct. App. Nov. 6, 1985), the court, citing Walton and Whitaker, rejected a double jeopardy challenge to convictions of robbery and felony battery based on the same incident, noting that robbery does not require the victim suffer bodily harm.

9

how slight; the most nominal contact, even a tap on the shoulder without consent, suffices to establish a violation. Id. at 138.

The Justices found that such an offense does not satisfy the ACCA. While the ACCA does not define the term "physical force," dictionary definitions of the phrase include "power, violence, compulsion, or constraint exerted upon a person," and "force consisting in a physical act, esp. a violent act directed against a robbery victim." Id. at 139 (internal quote marks and alterations omitted). The Court acknowledged that, in the context of the common law crime of battery, the element of "force" could "be satisfied by even the slightest offensive touching." Id. However, in this case the Court was interpreting the phrase "physical force" as used in defining, not the crime of battery, but rather the statutory category of "violent felon[ies]." Id. at 140. "We think it clear that in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force – that is, force capable of causing physical pain or injury to another person." Id. The government noted that the ACCA contains no modifier specifying the degree of "physical force" required. But the Court found that the term "physical force" itself normally connotes force strong enough to constitute "power" – "and all the more so when it is contained in a definition of 'violent felony.'" Id. at 142.

The Wisconsin supreme court's construction of § 943.32 closely tracks the Florida supreme court's construction of that state's battery statute. Indeed, in citing Lewis, the Wisconsin court drew upon the same conception of force required for the common law crime of battery. See Walton, 64 Wis. 2d at 43-44. Given Walton's heavy reliance on Lewis, the government's argument that the Wisconsin supreme court did not import Lewis's "minimal

10

force" standard into the current robbery statute is unconvincing.[6]

The government further argues that Walton should be read narrowly as applying the plain text of the robbery statute to the facts of the case, which involved a 64-year-old female victim unable to offer much resistence to her 26-year-old male assailant. The government contends that a defendant must, under § 943.32, use or threaten force sufficient to overcome the victim's resistance, which will, in the ordinary case, also be force capable of causing pain or injury.

However, the court's task under the force clause is to determine whether a violation of a particular state statute would necessarily include as an element the use, attempted use, or threatened use of physical force; the "ordinary or typical" case analysis applied to the residual clause. See, e.g., United States v. Sonnenberg, 628 F.3d 361, 364 (7th Cir. 2010). Many robberies undoubtedly are violent; however, petitioner has through the cases discussed above shown a realistic probability, not merely a theoretical possibility, that the Wisconsin courts will apply the robbery statute to conduct not amounting to violent force. See Maxwell, slip op. at 8-9 (citing Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)); United States v. Gardner,

---

[6]The government argues that the subsequent Wisconsin cases relying on Walton and Lewis are doubtful as a guide to the contemporary understanding and ordinary application of the robbery statute. However, the government cites no Wisconsin appellate decision retreating from the broad definition of force adopted in Lewis and Walton. Indeed, in In the Matter of A.B., the court, citing Walton and Whitaker, specifically stated: "All that is required is that some force, however minimal, be applied to the person to remove the object." 1980 Wisc. App. LEXIS 3551, at *3 (emphasis added); see also United States v. Lee, 22 F.3d 736, 740 (7th Cir. 1994) (citing Walton for the proposition that under Wisconsin law "a defendant who uses even minimal force in taking the property from the person of his victim may be charged with robbery"), overruled on other grounds by Howze, 343 F.3d at 924 (finding that street thefts are crimes of violence under the residual clause). The government cites a legislative report indicating that robbery will usually involve some contest of physical strength, but this cannot trump the state supreme court's authoritative construction of the statute.

11

No. 14-4533, 2016 U.S. App. LEXIS 9066, at *16-17 (4th Cir. May 18, 2016) (citing Moncrieffe v. Holder, 133 S. Ct. 1678, 1684-85 (2013)). Accordingly, robbery under Wis. Stat. § 943.32 does not categorically qualify as a violent felony under the force clause.

The Ninth Circuit recently reached the same conclusion regarding Massachusetts's robbery statute. United States v. Parnell, No. 14-30208, 2016 U.S. App. LEXIS 6629, at *6-7 (9th Cir. Apr. 12, 2016). Just like the Wisconsin courts, the Massachusetts judiciary applies that state's robbery statute to property snatching cases on the theory that "'the degree of force is immaterial so long as it is sufficient to obtain the victim's property against his will.'" Id. at *5 (quoting Commonwealth v. Jones, 283 N.E.2d 840, 843 (Mass. 1972)). The Ninth Circuit held that because the degree of force is immaterial, "any force, however slight, will satisfy this prong so long as the victim is aware of it. Such force is insufficient under Johnson." Id. at *6-7. The government argued that snatching cases involve at least an implied threat of violence to overcome the victim's resistance, but again as in Wisconsin, a Massachusetts robbery victim need not offer any resistance; nor is it necessary that the victim be placed in fear. Id. at *5-6, 9-10.

The Fourth Circuit also reached this conclusion in considering North Carolina's robbery offense. Gardner, 2016 U.S. App. LEXIS 9066, at *16-20. Again like the Wisconsin high court, the North Carolina supreme court in construing that state's robbery offense "explained: 'Although actual force implies personal violence, the degree of force used is immaterial, so long as it is sufficient to compel the victim to part with his property.'" Id. at *17 (quoting State v. Sawyer, 29 S.E.2d 34, 37 (N.C. 1944)). "This definition, therefore, suggests that even de minimis contact can constitute the 'violence' necessary for a common law robbery conviction under North Carolina law." Id. at *17-18. The Fourth Circuit noted that later decisions by North

12

Carolina's intermediate appellate court supported the conclusion that even minimal contact may be sufficient to sustain a robbery conviction if the victim forfeits his or her property in response. Id. at *18. As discussed above, the same is true in Wisconsin. The Fourth Circuit concluded that "the minimum conduct necessary to sustain a conviction for North Carolina common law robbery does not necessarily include the use, attempted use, or threatened use of 'force capable of causing physical pain or injury to another person,' as required by the force clause of the ACCA." Id. (quoting Curtis Johnson, 559 U.S. at 140).

Similarly, in United States v. Castro-Vazquez, 802 F.3d 28, 37 (1st Cir. 2015), the court found that robbery under Puerto Rico law, defined to include "the slightest use of force," falls short of the "violent force" required by Curtis Johnson. And in United States v. Dunlap, No. 14-cr-406, 2016 U.S. Dist. LEXIS 17490, at *11 (D. Ore. Feb. 12, 2016), the court concluded that robbery under Oregon law, which requires only "minimal force" sufficient to overcome any resistance the victim might offer, does not qualify as a violent felony. The government cites no case holding that a robbery statute satisfied by any degree of force also satisfies 18 U.S.C. § 924(e)(2)(B)(i).

The government indicates that the court need not disregard common sense in determining whether an offense commonly known as "strong arm" robbery qualifies as a violent crime. However, it is important to note that the "minimal force" jurisdictions discussed above appear to have abandoned the traditional common law definition of robbery, which requires the defendant to use violence or intimidation to coerce the victim into parting with his property. See Parnell, 2016 U.S. App. LEXIS 6629, at *15 (Watford, J., concurring). States are of course free to define their robbery offenses any way they want, see Gardner, 2016 U.S. Dist. LEXIS 9066, at *20, but federal law supplies the definition of "violent force." When a state law, like Wis.

13

Stat. § 943.32, requires only minimal force the resulting conviction will not qualify as a predicate offense under the ACCA's elements clause.

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion (R. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is scheduled for counsel-only **STATUS** on **Wednesday, June 8, 2016, at 11:15 a.m.**  The court will at the status discuss further proceedings in this case.

Dated at Milwaukee, Wisconsin this 25th day of May, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge